FILED
CLERK U.S. DISTRICT COURT
FEB 18 2009
CENTRAL DISTRICT OF CALIFORNIA
BY　　　　　DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE CRYER, | NO. CV 09-339-MMM(E) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| MICHAEL A. SMELOSKY, | |
| Respondent. | |

On January 15, 2009, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" ("the Petition"). At the same time, Petitioner filed a "Motion to File Petition for Habeas Corpus" and a "Motion for Exemption From One-Year Limit" ("the Motions").

The Petition challenges Petitioner's 1995 Los Angeles Superior Court conviction and/or sentence (Petition at 2). Petitioner previously challenged this same conviction and/or sentence in a habeas petition filed in this Court in 2006. See Cryer v. Castro, No. CV 06-1717-GPS(E) ("the prior habeas action"). On August 4, 2006, the

Magistrate Judge issued a revised report and recommendation in the prior habeas action, recommending denial and dismissal of the petition with prejudice as untimely. On October 26, 2006, the District Court filed an order adopting the revised report and recommendation in the prior habeas action. On October 27, 2006, the District Court entered judgment in the prior habeas action, denying and dismissing the petition with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the court of appeals. See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 799 (2007) (where petitioner did not receive authorization from Court of Appeal before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"); Miles v. Mendoza-Powers, 2007 WL 4523987, at *2-3 (E.D. Cal. Dec. 19, 2007) (subsequent petition alleging different claims but challenging the same judgment challenged in a prior habeas petition is "second or successive"). Contrary to Petitioner's arguments, the dismissal of a habeas petition as barred by the statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." Murray v. Greiner, 394 F.3d

1  78, 81 (2nd Cir. 2005); accord Grissom v. Adams, 2008 WL 2557483 at
2  *2-3 (C.D. Cal. Apr. 17, 2008), adopted, 2008 WL 2595104 (C.D. Cal.
3  June 23, 2008); Bridgewater v. Scriben, 2007 WL 2262760 at *1 (S.D.
4  Cal. Aug. 3, 2007). Petitioner evidently has not yet obtained
5  authorization from the Ninth Circuit Court of Appeals. Consequently,
6  this Court cannot entertain the present Petition. See Burton v.
7  Stewart, 127 S. Ct. at 799; see also Dews v. Curry, 2008 WL 590476, at
8  *3 (E.D. Cal. Feb. 29, 2008) (without Court of Appeals' authorization,
9  "this court lacks jurisdiction to consider the petition").

11 For all of the foregoing reasons, the Petition is denied and
12 dismissed without prejudice. To the extent the Motions seek relief
13 inconsistent with this Order, the Motions are denied without
14 prejudice.

16 LET JUDGMENT BE ENTERED ACCORDINGLY.

18 DATED: February 12, 2009.

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

24 PRESENTED this 16th day of
25 January, 2009, by:

_____
CHARLES F. EICK
28 UNITED STATES MAGISTRATE JUDGE